FILED'10 SEP 22 14:56 USDC-ORP

IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF OREGON

| | | |
|---|---|---|
| DANIEL A. BERNATH, | ) | |
| | ) | |
| Plaintiff, | ) | Civil No. 10-388-JO |
| | ) | |
| v. | ) | O R D E R |
| | ) | |
| UNITED STATES OF AMERICA, | ) | |
| | ) | |
| Defendant. | ) | |

JONES, Judge:

Plaintiff Daniel Bernath received a temporary restraining order in Washington County Circuit Court against Administrative Law Judge Dan Hyatt. Plaintiff petitioned the circuit court under the Elderly and Disabled Person Abuse Prevention Act, alleging that he was physically injured by Judge Hyatt during an encounter between the two on an elevator at the Social Security Administration, Office of Disability Adjudication and Review. The Restraining Order prohibits Judge Hyatt from having contact with plaintiff and from entering that building, which is Judge Hyatt's place of employment. The United States removed this matter to federal court because Judge Hyatt was acting within the scope and course of his employment as a federal employee at

the time of the alleged incident and because the United States construes plaintiff's personal injury claim as a federal tort claim. The United States substituted in for Judge Hyatt as the named defendant after removal.

This case is before the court on defendant's Motion (# 8) to Dismiss and Quash Restraining Order. Defendant makes the following arguments: (1) The personal injury claim, as set forth in the Restraining Order, should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(1) because plaintiff has not exhausted his administrative remedies as required by the Federal Tort Claims Act; (2) the Restraining Order should be dismissed pursuant to Federal Rule of Civil Procedure 12(b)(6) because it fails to state a claim for relief; and (3) the Restraining Order should be dissolved as provided by 28 U.S.C. § 1450.

I have thoroughly reviewed the materials submitted by the parties and conclude that this action is not properly before this court. The Restraining Order does not qualify as a "complaint" within the meaning of the Federal Rules of Civil Procedure, nor does it state any claim cognizable in this court. This matter should be resolved by the state court that issued the restraining order or by the Social Security Administration. For these reasons, I do not address the other issues raised by defendant. Defendant's Motion to Dismiss (#8) is GRANTED and this action is dismissed without prejudice.

DATED this 22 day of September, 2010.

_____
ROBERT E. JONES
U.S. District Judge

2 - ORDER